UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARL BRANTLEY,

     Plaintiff,

v.                            CASE NO.:

DOLGENCORP, LLC D/B/A DOLLAR
GENERAL,
A Foreign Limited Liability Company,

     Defendant.

_____/

## <u>NOTICE OF REMOVAL</u>

**PURSUANT TO 28 U.S.C. § 1446,** Defendant, DOLGENCORP, LLC d/b/a

DOLLAR GENERAL (hereinafter DOLGENCORP, LLC), by and through its

undersigned counsel, hereby removes this action from the Circuit Court of the Fourth

Judicial Circuit, in and for Duval County, Florida, to the United States District Court

for the Middle District of Florida, and states:

    1.     On April 06, 2021, Plaintiff, CARL BRANTLEY, filed a Complaint in

the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida,

Case No. 16-2021-CA-001966-XXXX-MA.

    2.     The Complaint named DOLGENCORP, LLC d/b/a DOLLAR

GENERAL as Defendant.

3.      On April 12, 2021, Defendant was served with the Complaint. Copies of all process and pleadings in said action are attached hereto in accordance with 28 U.S.C. § 1446, as **Exhibit A**.

4.      Plaintiff, CARL BRANTLEY, is and was at all times relevant hereto, including at the time of the commencement of Civil Action No. 16-2021-CA-001966-XXXX-MA, and this filing, a citizen of the State of Florida.

5.      Defendant is and was at all times relevant hereto, including at the time of the filing of this Notice of Removal and the commencement of Civil Action No. 16-2021-CA-001966-XXXX-MA, a Limited Liability Company registered in the Commonwealth of Kentucky with its principal place of business in Goodlettsville, Tennessee, and whose managing member is incorporated in the State of Tennessee with its principal place of business in Goodlettsville, Tennessee. *See* Articles of Organization of DOLGENCORP, LLC, filed with the Commonwealth of Kentucky on October 9, 2008, attached hereto as **Exhibit B.**

6.      At all times relevant hereto, the members of DOLGENCORP, LLC, consisted of Dollar General Corporation, a Tennessee Corporation; Steven Deckard, a citizen of Tennessee; John Garratt, a citizen of Tennessee; Barbara Springer, a citizen of Tennessee; Bethany Malakelis, a citizen of Tennessee; Emily Taylor, a citizen of Tennessee; and Jason Reiser, a citizen of Tennessee. *See* 2020 and 2021 Annual Reports of DOLGENCORP, LLC, attached hereto as **Exhibit C.**

7.    For purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Flintlock Const. Servs., LLC v. Well Come Holdings, LLC,* 710 F.3d 1221, 1224 (11th Cir. 2013) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004).

8.    This action is one over which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332 (a)(1), and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441(a). Diversity of citizenship exists.

9.    Plaintiff has alleged in his Complaint an action for damages in excess of $30,000.00. Plaintiff's counsel has requested information from Defendant regarding Defendant's insurance limits in excess of its self-insured retention limits of $750,000.00, claiming Plaintiff's damages will likely exceed the $750,000.00 limits and trigger the excess policy due to Plaintiff's alleged crush injury and need for surgery. Based upon the foregoing, the amount in controversy exceeds the jurisdictional threshold of $75,000.00, exclusive of interest and costs.

10.    This Notice of Removal is filed within thirty (30) days after Defendant received a copy of Plaintiff's Complaint on or about April 12, 2020, as required by 28 U.S.C. § 1446(b).

11.     A copy of this Notice of Removal will simultaneously be filed with the

Clerk of Courts for the Fourth Judicial Circuit, in and for Duval County, Florida,

and served upon other counsel of record pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant DOLGENCORP, LLC, gives notice of the

removal of this action from the Fourth Judicial Circuit, in and for Duval County,

Florida, to the United States District Court for the Middle District of Florida.

Dated: May 03, 2021.

**ST. DENIS & DAVEY, P.A.**

_____

**BRITTANY RENEE FORD, ESQ.**
Florida Bar Number 0117718
brittany@sdtriallaw.com
1300 Riverplace Boulevard, Suite 401
Jacksonville, FL  32207
(904)396-1996 – Telephone
(904)396-1991 – Facsimile
*Attorneys for Dolgencorp, LLC*


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished via

electronic mail to ***Mark J. Kupcinskas Jr., Esquire***, Morgan & Morgan, P.A., 76

South     Laura     Street,     Suite     1100,     Jacksonville,     FL     32202

(mkupcinskas@forthepeople.com,  aleciaperez@forthepeople.com), *Attorneys for Plaintiff,* on this 3rd day of May, 2021.

_____
Attorney

# Exhibit A

Filing # 124375700 E-Filed 04/06/2021 10:16:53 AM

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO:

CARL BRANTLEY,

     Plaintiff,

v.

DOLGENCORP, LLC D/B/A DOLLAR
GENERAL,
A Foreign Limited Liability Company

     Defendant.            /

## PLAINTIFF'S COMPLAINT

Plaintiff, CARL BRANTLEY, by and through the undersigned counsel, hereby sues

Defendant, DOLGENCORP, LLC D/B/A DOLLAR GENERAL, and alleges as follows:

1.     This is an action for damages that exceeds the sum of THIRTY THOUSAND

DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees. The actual value of

Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21,

Fla. Const.

2.     Plaintiff, CARL BRANTLEY, is a natural person residing in Duval County,

Florida.

3.     At all times material to this action, Defendant, DOLGENCORP, LLC D/B/A

DOLLAR GENERAL, is a foreign liability company licensed to do business in the State of Florida.

4.     At all times material hereto, Defendant, DOLGENCORP, LLC D/B/A DOLLAR

GENERAL, was the owner and/or in possession of that certain business located at 6360 W 103rd

Street, Jacksonville, Duval County, Florida. Said business was a retail establishement open to the

general public, including the Plaintiff herein.

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 04/06/2021 12:55:31 PM

5.      On or about June 13, 2020, Plaintiff, CARL BRANTLEY, visited Defendant's premises located at the above address as a business invitee and/or guest.

6.      At said time and place, Plaintiff, CARL BRANTLEY, was a lawfully guest upon the premises of the Defendant, DOLGENCORP, LLC D/B/A DOLLAR GENERAL, who owed Plaintiff a non-delegable duty to exercise reasonable care for his safety.

### COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, DOLGENCORP, LLC D/B/A DOLLAR GENERAL

7.      Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through six (6) as if fully set forth herein.

8.      At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition on their premises.

9.      At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

    a)  Negligently failing to maintain or adequately maintain the flooring area near the greeting cards at the front of the store, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

    b)  Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

    c)  Negligently failing to inspect or adequately inspect the flooring area near the greeting cards at the front of the store, as specified above, to ascertain whether the restroom floor, which was poorly maintained, constituted a hazard to patrons utilizing said front of the counter area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

    d)  Negligently failing to inspect or adequately warn the Plaintiff of the danger of the flooring area near the greeting cards at the front of the store, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

e)    Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the flooring area near the greeting cards at the front of the store, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f)    Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the flooring area near the greeting cards at the front of the store for dangerous conditions;

g)    Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the flooring area near the greeting cards at the front of the store for dangerous conditions;

h)    Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)    Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the flooring area near the greeting cards at the front of the store despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j)    Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k)    Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring of the subject premises

l)    Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing shopping carts and/or handbaskets or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

m)    Negligently failing to act reasonably under the circumstances;

n)    Negligently engaging  in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o)    Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

p)    Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

q)    Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

r)    Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

s)    Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

10.    As a result, while Plaintiff was visiting Defendant's business, he slipped and fell on a substance in the front of the store near the greeting cards, thus sustaining significant personal injuries.

11.    As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, CARL BRANTLEY, sues the Defendant, DOLGENCORP, LLC D/B/A DOLLAR GENERAL., for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

## COUNT II – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, DOLGENCORP, LLC D/B/A DOLLAR GENERAL

12.     Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through six (6) as if fully set forth herein.

13.     At said time and place, Defendant owned, controlled, and/or possessed the business premises.

14.     At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

15.     At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a)  Negligently failing to maintain or adequately maintain the flooring area near the greeting cards at the front of the store, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

b)  Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c)  Negligently failing to inspect or adequately inspect the flooring area near the greeting cards at the front of the store, as specified above, to ascertain whether the restroom floor, which was poorly maintained, constituted a hazard to patrons utilizing said front of the counter area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d)  Negligently failing to inspect or adequately warn the Plaintiff of the danger of the flooring area near the greeting cards at the front of the store, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

e)  Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the flooring area near the greeting cards at the front of the store, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the flooring area near the greeting cards at the front of the store for dangerous conditions;

g) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the flooring area near the greeting cards at the front of the store for dangerous conditions;

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the flooring area near the greeting cards at the front of the store despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j) Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k) Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring of the subject premises

l) Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing shopping carts and/or handbaskets or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

m) Negligently failing to act reasonably under the circumstances;

n) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

p) Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

q) Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

r) Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

s) Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

16.    As a result, while Plaintiff was visiting Defendant's business, he slipped and fell on a substance in the front of the store near the greeting cards, thus sustaining significant personal injuries.

17.    As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, CARL BRANTLEY, sues the Defendant, DOLGENCORP, LLC D/B/A DOLLAR GENERAL, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

RESPECTFULLY submitted this 6th day of April, 2021.

<div style="margin-left: 40%">

**/s/Mark J. Kupcinskas Jr, Esq**
**MARK J. KUPCINSKAS JR, ESQ**
FBN 117802
Morgan & Morgan
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Telephone:     (904) 398-2722
Facsimile:     (904) 366-7677
Primary email: Mkupcinskas@forthepeople.com
Secondary email:aleciaperez@forthepeople.com
Attorneys for Plaintiff

</div>

Filing # 124375700 E-Filed 04/06/2021 10:16:53 AM

<div align="right">

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY,
FLORIDA

CASE NO.:
DIVISION:

</div>

CARL BRANTLEY,

     Plaintiff,

v.

DOLGENCORP, LLC D/B/A DOLLAR GENERAL,
A Foreign Limited Liability Company

     Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in the above-styled cause upon the Defendant:

**DOLGENCORP, LLC D/B/A DOLLAR GENERAL, A Foreign Limited Liability Company**
**REGISTERED AGENT NAME**
**CORPORATION SERVICE COMPANY**
**1201 HAYS STREET**
**TALLAHASSEE, FL 32301-2525**

Defendant is hereby required to serve written defenses to said Complaint on **Mark Kupcinskas, Esquire, Morgan & Morgan, 76 South Laura Street, Suite 1100, Jacksonville, Florida 32202, Telephone (904) 398-2722, within twenty (20) days after service of this Summons upon you**, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint.

In accordance with the Americans With Disabilities Act, persons with disabilities needing a special accommodation to participate in this proceeding should contact Court Administration, 330 E. Bay St., Rm. 220, Jacksonville, FL 32202 at 904/630-2564 no later than 5 business days prior to the

<div align="center">1</div>

proceeding.  If hearing impaired, please contact (TDD) 1-800-955-8771 or Voice (V) 1-800-955-8770 via Florida Relay Service.

WITNESS my hand and seal of this Court on this ___06___ day of _____April_____, 2021



Jody Phillips
Clerk of the Circuit Court
By_Christine Kent_____
As Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro

2

de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o Voice (V) 1-800-955-8770, via Florida Relay Service"

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities".  Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contacter l'office administrative de la Court situe au le telephone ou (TDD) 1-800-955-8771 ou Voice (V) 1-800-955-8770, via Florida Relay Service.

**MORGAN & MORGAN, P.A.**
**Mark Kupcinskas**
**FBN: 117802**
**76 South Laura Street, Suite 1100**
**Jacksonville, Florida 32202**
**(904) 398-2722**

## **RETURN OF SERVICE**

State of Florida                                                                                     County of Duval

Case Number: 16-2021-CA-001966-XXXX-MA

Plaintiff:
**CARL BRANTLEY**

vs.

Defendant:
**DOLGENCORP, LLC D/B/A DOLLAR GENERAL, A Foreign Limited Liability Company**

For:
Alecia Perez
Morgan And Morgan
76 S Laura Street
Suite 1100
Jacksonville, FL 32202

Received by DILIGENT LEGAL SERVICES on the 12th day of April, 2021 at 8:50 am to be served on **Dolgencorp, LLC D/B/A Dollar General c/o CSC, as RA, 1201 Hays Street, Tallahassee, FL 32301.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **12th day of April, 2021** at **9:20 am, I:**

**CORPORATE / LLC:** served by delivering a true copy of the **Summons, Complaint, Discovery** with the date and hour of service endorsed thereon by me, to: **SARA LEA** as **AUTHORIZED REPRESENTATIVE** for the Registered Agent of Dolgencorp, LLC D/B/A Dollar General c/o CSC, as RA at the address of: **1201 HAYS STREET, TALLAHASSEE, FL 32301**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 60+, Sex: F, Race/Skin Color: WHITE, Height: 5'6", Weight: 180, Hair: BROW, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

**MICHAEL C. NOLAN**
Certified Process Server, #111

**DILIGENT LEGAL SERVICES**
**1497 MAIN STREET**
**STE. 210**
**DUNEDIN, FL 34698**
**(727) 424-7367**

Our Job Serial Number: DGT-2021001351
Ref: 2021001351

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1c

16-2021-CA-001966-XXXX-MA Div: CV-E

Filing # 124375700 E-Filed 04/06/2021 10:16:53 AM



Date: 11/12/21   Time: 9:20 ᴖ
MCN #111
is a certified process server in the
Circuit and County Courts in and for the
Second Judicial Circuit

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY,
FLORIDA

CASE NO.:
DIVISION:

CARL BRANTLEY,

     Plaintiff,

v.

DOLGENCORP, LLC D/B/A DOLLAR GENERAL,
A Foreign Limited Liability Company

     Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in the above-styled cause upon the Defendant:

    **DOLGENCORP, LLC D/B/A DOLLAR GENERAL, A Foreign Limited Liability**
**Company**
**REGISTERED AGENT NAME**
**CORPORATION SERVICE COMPANY**
**1201 HAYS STREET**
**TALLAHASSEE, FL 32301-2525**

Defendant is hereby required to serve written defenses to said Complaint on **Mark Kupcinskas, Esquire, Morgan & Morgan, 76 South Laura Street, Suite 1100, Jacksonville, Florida 32202, Telephone (904) 398-2722, within twenty (20) days after service of this Summons upon you,** exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint.

In accordance with the Americans With Disabilities Act, persons with disabilities needing a special accommodation to participate in this proceeding should contact Court Administration, 330 E. Bay St., Rm. 220, Jacksonville, FL 32202 at 904/630-2564 no later than 5 business days prior to the

1

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 04/06/2021 12:55:31 PM

# Exhibit B

**0017665.06**  ghance
LAOO

Tray Grayson
Secretary of State
Received and Filed
10/09/2008 3:38:54 PM
Fee Receipt: $40.00

## ARTICLES OF ORGANIZATION
## OF
## DOLGENCORP, LLC

For the purpose of converting a Kentucky corporation to a Kentucky limited liability company pursuant to KRS Chapter 275, the undersigned organizer hereby submits the following Articles of Organization to the Secretary of State for filing:

Article I. Upon approval by its Board of Directors and sole shareholder, Dolgencorp, Inc. was converted from a Kentucky corporation to a Kentucky limited liability company.

Article II. The corporation's former name was Dolgencorp, Inc. The name of the limited liability company to which it converted is Dolgencorp, LLC.

Article III. A total of 642 shares of common stock of Dolgencorp, Inc. were issued, outstanding and entitled to vote on the Plan of Conversion. All 642 shares were held by Dollar General Corporation. Dollar General Corporation, as sole shareholder of Dolgencorp, Inc., executed a unanimous written consent approving the Plan of Conversion.

Article IV. The converted corporation had filed no assumed names with the Kentucky Secretary of State.

Article V. The company's initial registered agent and street address of its initial registered office in Kentucky is CSC-Lawyers Incorporating Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

Article VI. The mailing address of the limited liability company's initial principal office is 100 Mission Ridge, Goodlettsville, Tennessee 37072.

Article VII. The limited liability company is to be managed by its members.

Article VIII. The initial member of the limited liability company is Dollar General Corporation.

Organizer

Robert R. Stephenson
Printed Name

October 9, 2008
Date

CSC-Lawyers Incorporating Service Company, with offices at 421 West Main Street, Frankfort, Kentucky 40601, hereby consents to serve as the registered agent on behalf of the company.

_Deborah D. Skipper_
Signature

Deborah D. Skipper
Asst. V. Pres.
Printed Name

Title

# Exhibit C

**2020  FOREIGN LIMITED LIABILITY COMPANY ANNUAL REPORT**

**FILED**
**Apr 28, 2020**
**Secretary of State**
**1595746924CC**

DOCUMENT# M08000004652

**Entity Name:** DOLGENCORP, LLC

**Current Principal  Place of Business:**

100 MISSION RIDGE
GOODLETTSVILLE,  TN  37072

**Current Mailing Address:**

100 MISSION RIDGE
GOODLETTSVILLE,  TN  37072

**FEI Number:** 61-0852764                                                   **Certificate of Status Desired:**  No

**Name and Address of Current Registered Agent:**

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL  32301-2525  US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE:

_____      _____
             Electronic Signature of Registered Agent                                                                Date

**Authorized Person(s) Detail :**

| | | | | |
|---|---|---|---|---|
| Title | AUTHORIZED MEMBER | | Title | CEO |
| Name | DOLLAR GENERAL CORPORATION | | Name | DECKARD, STEVEN R. |
| Address | 100 MISSION RIDGE | | Address | 100 MISSION RIDGE |
| City-State-Zip: | GOODLETTSVILLE TN 37072 | | City-State-Zip: | GOODLETTSVILLE TN 37072 |
| | | | | |
| Title | CFO | | Title | TREASURER |
| Name | GARRATT, JOHN | | Name | SPRINGER, BARBARA |
| Address | 100 MISSION RIDGE | | Address | 100 MISSION RIDGE |
| City-State-Zip: | GOODLETTSVILLE TN 37072 | | City-State-Zip: | GOODLETTSVILLE TN 37072 |
| | | | | |
| Title | ASST. TREASURER | | Title | MANAGER |
| Name | MALAKELIS, BETHANY | | Name | REISER, JASON |
| Address | 100 MISSION RIDGE | | Address | 100 MISSION RIDGE |
| City-State-Zip: | GOODLETTSVILLE TN 37072 | | City-State-Zip: | GOODLETTSVILLE TN 37072 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 605, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: JOHN GARRATT                                      CFO                              04/28/2020
_____      _____
             Electronic Signature of Signing Authorized Person(s) Detail                                      Date

## 2021  FOREIGN LIMITED LIABILITY COMPANY ANNUAL REPORT

DOCUMENT# M08000004652

**Entity Name:** DOLGENCORP, LLC

**FILED**
**Apr 23, 2021**
**Secretary of State**
**1291367268CC**

**Current Principal  Place of Business:**

100 MISSION RIDGE
GOODLETTSVILLE,  TN  37072

**Current Mailing Address:**

100 MISSION RIDGE
GOODLETTSVILLE,  TN  37072

**FEI Number:** 61-0852764

**Certificate of Status Desired:** No

**Name and Address of Current Registered Agent:**

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL  32301-2525  US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE: _____

　　　　　　　　　Electronic Signature of Registered Agent　　　　　　　　　　　　　　　　　　Date

### Authorized Person(s) Detail :

| | | | | |
|---|---|---|---|---|
| Title | AUTHORIZED MEMBER | | Title | MANAGER AND CEO |
| Name | DOLLAR GENERAL CORPORATION | | Name | DECKARD, STEVEN |
| Address | 100 MISSION RIDGE | | Address | 100 MISSION RIDGE |
| City-State-Zip: | GOODLETTSVILLE TN  37072 | | City-State-Zip: | GOODLETTSVILLE  TN  37072 |
| Title | CFO AND SECRETARY | | Title | TREASURER |
| Name | GARRATT, JOHN | | Name | SPRINGER, BARBARA |
| Address | 100 MISSION RIDGE | | Address | 100 MISSION RIDGE |
| City-State-Zip: | GOODLETTSVILLE TN  37072 | | City-State-Zip: | GOODLETTSVILLE  TN  37072 |
| Title | ASST. TREASURER | | Title | MANAGER |
| Name | MALAKELIS, BETHANY | | Name | TAYLOR, EMILY |
| Address | 100 MISSION RIDGE | | Address | 100 MISSION RIDGE |
| City-State-Zip: | GOODLETTSVILLE TN  37072 | | City-State-Zip: | GOODLETTSVILLE  TN  37072 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 605, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: STEVEN DECKARD　　　　　　　　　　　MANAGER AND CEO　　　04/23/2021

　　　　　Electronic Signature of Signing Authorized Person(s) Detail　　　　　　　　　　　　Date